LOUIS D. CHAMPION, RESPONDENT, v. CHICAGO FIRE AND MARINE INSURANCE COMPANY OF CHICAGO, IL-LINOIS, APPELLANT.

Argued February 16, 1928—Decided May 14, 1928.

For the respondent, *Babcock & Champion.*

For the appellant, *Joseph Beck Tyler.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff's automobile was insured by the defendant company, in a policy which protected the plaintiff, *inter alia*, against loss as follows:

"Theft, robbery or pilferage, excepting by any person or persons in the assured's household or in the assured's service or employment, whether the theft, robbery or pilferage occur during the hours of such service or employment or not, and excepting also the wrongful conversion, embezzlement or secretion by a mortgagor or vendee in possession, under mortgage, conditional sale or lease agreement, and excepting in any case, other than in case of theft of the entire automobile described herein, the theft, robbery or pilferage of tools and repair equipment."

The material facts are that while the car was in the possession of one Ruhland, an automobile agent, from whom the car was purchased, for the purpose of selling the same, an alleged purchaser named Williams, possessing the necessary urbanity, together with the delivery of an illusive check for $500, obtained permission from Mrs. Ruhland, by a permit, during her husband's absence, to try out the car as a prospective purchaser, the check apparently serving as the necessary decoy for the purpose. When the check was presented by the plaintiff to verify its validity it proved to be valueless, and to add to the completeness of the deception Williams never returned with the car, and the sale was thus never perfected.

Upon the trial the main insistence by the defendant was that this situation did not bring the incident as a theft within that term of the policy. Counsel for the defendant moving for the nonsuit insisted that the facts did not present a case of theft within the contemplation of the policy, but rather a wrongful conversion, embezzlement or secretion within the exceptions contained in that instrument. The learned trial court, differing with this construction of the policy, denied the motion for a nonsuit, and, sitting without a jury, found a verdict for the plaintiff in the sum of $1,200, which appeared to be the value of the car, and from that finding this appeal was taken.

The only question thus presented is the legal correctness of this construction of the policy in suit. It appears manifest from the testimony that when the man, Williams, obtained the car, upon the written order of Mrs. Ruhland, it was for the purpose of enabling him to try it out, for the ulterior object of deciding whether he would purchase it; and since he never returned with the car, quite obviously both under the provisions of the Motor Vehicle act and the common law status, the contractual relationship of vendor and vendee was never consummated. *Laws of* 1919, *p.* 357; *Arotzky* v. *Kropnitzky,* 98 *N. J. L.* 344; *affirmed,* 101 *Id.* 203.

In other words, Mrs. Ruhland never intended to part, nor, in fact, had parted, with the ownership of the car, but did part with its possession, for a temporary purpose, under a situation at the most, of false pretenses, eventuating in its theft. The *animus furandi* may be inferred from the circumstances, and, obviously, the *modus operandi* of a thief varies with the character and quality of his variable mentality, as well as with the modern commercial innovations which lend themselves to the unique refinement of the criminal purpose. Thus a leading commentator observes, "If by any trick or artifice the owner is induced to part with the power of possession, and still retains the right of property, the taking by such means will amount to larceny." 2 *Russ. Cr.* 28, 34; 2 *East P. C.* 668, 674; 2 *Arch. Cr. Pr.* 366.

In *Gardner* v. *State,* 55 *N. J. L.* 17, 27, cited and approved here in *Downs* v. *N. J. Fidelity Co.,* 91 *Id.* 523, Mr. Justice Depue, speaking for the Supreme Court, defined the common law crime of larceny as the equivalent of the generic offense of stealing, and quite manifestly the ingenious device resorted to in this instance must comport with that definition, which, in effect, comprehends the popular conception of theft. 2 *Bouv.* 1115.

The cases cited to sustain the defendant's contention are readily distinguishable upon the fact, and, therefore, have no application in principle to the situation presented by the case at bar.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ.  13.

*For reversal*—None.